107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alta L.P. HURD, and Clifford O. Rawley, individually and as
Representatives for a Class of those similarly
situated, Plaintiffs-Appellants,
v.
WESTINGHOUSE ELECTRIC CORPORATION, a Pennsylvania
Corporation, Defendant-Appellee
 No. 96-2157.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 29, 1996.
Decided Feb. 24, 1997.
 
 Before WOOD, JR., KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiffs, former employees of Westinghouse's Bloomington, Indiana factory, sued to recover for alleged physical injuries arising out of their working in close proximity to PCBs at the factory. The district court dismissed all of their claims, Hurd v. Monsanto Co., 908 F.Supp. 604 (S.D.Ind.1995). Plaintiffs have appealed only the dismissal of their claim for fraud, under which they seek economic damages, alleging that because Westinghouse misrepresented the danger of working in close proximity with PCBs, plaintiffs did not bargain for or receive hazard pay. The district court held that the fraud claim, along with the others, was barred by both Indiana's Workers' Compensation Act and Section 301 of the Labor Management Relations Act. The district court also denied Plaintiffs' motion for Class Certification under Federal Rule of Civil Procedure 23. We affirm the portion of the district court's opinion holding that § 301 of the Labor Management Relations Act preempts plaintiffs' claims. The issue as to whether Indiana's Workers' Compensation Act bars an action seeking only economic damages for fraud is not necessary to the outcome. It involves an interpretation of Indiana law, and one Indiana court has ruled that such an action is not barred, see Baker v. American States Ins. Co., 428 N.E.2d 1342, 1347 (Ind.App.1981). As the Indiana Supreme Court has not yet ruled on this issue, neither do we.
 
 
 2
 To the District Court's opinion we add only that Section XXII of the Collective Bargaining Agreement between plaintiffs' union and Westinghouse provides an additional basis for ruling that § 301 of the Labor Management Relations Act preempts plaintiffs' claims. This section reads, in relevant part: "Safety rules and regulations issued by the Company and or State and Federal Governments for the health and safety of the employees and public shall be strictly adhered to. The Union and the Company shall cooperate in enforcing all such measures." This provision encompasses Westinghouse's duty to inform its employees of any hazardous working conditions, such as working in close proximity with PCBs, as happened here. Any claim for damages, physical or economic, arising out of Westinghouse's alleged failure to inform its employees of this hazard would necessarily involve an interpretation of this provision. As a result, plaintiffs' claims are preempted Smith v. Colgate-Palmolive Co., 943 F.2d 764 (7th Cir.1991).